**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-02631-CMA-MJW

CITY OF DAYTONA BEACH POLICE OFFICERS'
AND FIREFIGHTERS' RETIREMENT SYSTEM, derivatively on
behalf of nominal defendant DISH NETWORK CORPORATION,

    Plaintiffs,

v.

CHARLES W. ERGEN,
JOSEPH P. CLAYTON,
JAMES DeFRANCO,
CANTEY M. ERGEN,
STEVEN R. GOODBARN,
DAVID K. MOSKOWITZ,
TOM A. ORTOLF, and
CARL E. VOGEL,

    Defendants.

---

## ORDER FOR VOLUNTARY DISMISSAL OF CASE

---

    This civil action comes before the court on Plaintiff City of Dayton Beach Police Officers' and Firefighters' Retirement System's Motion for Voluntary Dismissal Without Prejudice (Doc. # 12), filed December 6, 2013, indicating that it wishes to dismiss this civil action. The Court has reviewed Plaintiff's motion, the case file, and the applicable law and is sufficiently advised in the premises.

    Fed. R. Civ. P. 41(a)(1)(A)(ii) allows a voluntary dismissal by plaintiffs without court approval by filing a stipulation of dismissal signed by all parties who have appeared. Here, there has been no appearance by Defendants and the notice is

signed by Plaintiff. However, Rule 41 is also subject to Fed. R. Civ. P. 23.1(c). Fed. R. Civ. P. 41(a)(1)(A). Fed. R. Civ. P. 23.1(c) further requires:

> A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders.

Plaintiffs argue that the particular posture of this derivative action does not require notice to shareholders because the concerns embodied in Rule 23.1 are not present. In *Papilsky v. Berndt,* the Second Circuit described several of the policies served by the notice requirement of Rule 23.1:

> 1) To prevent collusive private settlements which confer benefits solely upon plaintiff and his counsel, rather than the corporation whose claim they have presented.
>
> 2) To prevent malfeasing corporate officers from "buying off" shareholders bold enough to challenge their action.
>
> 3) To preserve potentially valid claims from extinguishment through the purely private decision of the particular shareholder presenting the claim.

466 F.2d 251 (2 Cir.), *cert. denied* 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972); *see also* 7C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, and Richard L. Marcus, *Federal Practice and Procedure* § 1839 (3d ed.) (Notice and court approval is intended to discourage the private settlement of a derivative claim under which a shareholder-plaintiff and attorney personally profit to the exclusion of the corporation and the other shareholders).

The record of this case presents no trace of any collusive or other inappropriate motivation behind Plaintiff's decision to seek dismissal. Plaintiff states that it has not reached a settlement in this case. It seeks dismissal at the direction of the magistrate judge who denied Plaintiff's unopposed motion to stay, which it sought so that it may participate in another action in the District Court of Clark Country, Nevada captioned *In Re Dish Network Corporation Derivative Litigation*, Case No. A-13-686775-B, in which a shareholder of DISH Network Corporation makes essentially identical allegations as the case at bar. (Doc. # 9, at 2.) Moreover, because Plaintiff seeks a dismissal without prejudice and does so without giving notice to its shareholders, such a dismissal would not have preclusive effect on other actions. *See Papilsky*, 466 F.2d at 260 (failure to give notice strips an otherwise final judgment of its *res judicata* effect). And, because the complained of conduct took place in the spring and summer of 2013, other shareholders will not likely "face an insurmountable statute of limitations hurdle if they commenced a new action." *Cf. Grima v. Applied Devices Corp.*, 78 F.R.D. 431, 432 (E.D.N.Y. 1978) (declining to dismiss shareholder derivative claim without prejudice and without Rule 23.1 notice four years after alleged conduct because the statute of limitations may preclude a later suit). For these reasons, the Court determines that the specific facts of this case dictate that notice to shareholders is not necessary.

A voluntary dismissal pursuant to Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968) ("Rule 41(a)(1)

provides for a dismissal without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer.") (internal quotation marks and citation omitted).  The notice closes the file.  *See id.; see also Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) ("The filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) does not require an order of the court.") (citation omitted); *Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993) (stating voluntary dismissal is "self-executing, *i.e.*, it is effective at the moment the notice is filed with the clerk and no judicial approval is required").

Accordingly, IT IS ORDERED that Plaintiff City of Dayton Beach Police Officers' and Firefighters' Retirement System's Motion for Voluntary Dismissal Without Prejudice (Doc. # 12), filed December 6, 2013, is GRANTED and this civil action is hereby voluntarily DISMISSED WITHOUT PREJUDICE.

Dated:  December   13  , 2013.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge